JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LATEEF H. GRAY, Esq./State Bar #250055
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Email: john.burris@johnburrislaw.com
        ben@johnburrislaw.com
        lateef.gray@johnburrislaw.com

Telephone: (510) 839-5200    Facsimile: (510) 839-3882

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA BANKS-REED, individually; S.A.T., a minor, by and through her Guardian ad Litem Ciara Turner, individually and as successor-in-interest to Decedent SAHLEEM TINDLE; S.I.T., a minor, by and through his Guardian ad Litem Ciara Turner, individually, as successor-in-interest to Decedent SAHLEEM TINDLE; THE ESTATE OF SAHLEEM TINDLE, by and through its administrator LARON MAYFIELD, <br><br> Plaintiffs, <br><br> vs. <br><br> BAY AREA RAPID TRANSIT, a municipal corporation; CARLOS ROJAS, individually and in his official capacity as Chief of Police for BAY AREA RAPID TRANSIT police department; JOSEPH MATEU III, individually and in his official capacity as a police officer for BAY AREA RAPID TRANSIT police department; and, BAY AREA RAPID TRANSIT police officers DOES 1-50, inclusive, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |

**INTRODUCTION**

On January 3, 2018, Defendant Officer JOSEPH MATEU III,  ("MATEU"), a BAY AREA RAPID TRANSIT ("BART") police officer, shot and killed Decedent SAHLEEM TINDLE ("DECEDENT" or "TINDLE"), a 28 year-old African-American father of two children, after responding on foot to a report of shots fired and seeing two men apparently locked in an altercation, with each of them fighting over, and appearing to have equal possession of, a handgun.  One of the men, named Rayvelle, was in an apparent position of physical advantage standing over Decedent, TINDLE, who was bent over on his knees.  The shooting was captured on Defendant MATEU's body-camera. Defendant MATEU ordered the men to stop and put their hands up.  As the two men began to let go of each other, the gun the two were struggling over can longer be seen on the video. Decedent TINDLE began to sit up and raise his hands, in apparent compliance with Defendant MATEU's orders.  As he did so, Defendant MATEU fired three gunshots into Decedent TINDLE's back at close range.

Defendant MATEU made no effort to determine which of the two men was responsible for any of the gunshots prior to shooting Decedent TINDLE in the back, could not ascertain whether either of the men was in possession or control of the gun prior to shooting Decedent TINDLE in the back, and failed to provide Decedent TINDLE the reasonable opportunity to surrender prior to shooting him in the back.

After the shooting, a handgun was found next to where both men had been struggling. Defendant MATEU had no information as to which man had fired it, or which man, if any, was injured by the gunshot.  Defendant MATEU arbitrarily and unreasonably, subjectively decided to shoot Decedent as Decedent was complying with his orders by raising his hands. Plaintiffs allege Decedent's hands were empty at the time he raised them, and that every reasonable police officer would know that Decedent was in the act of surrendering at the time Defendant MATEU shot Decedent.

**JURISDICTION**

1.      This action arises under Title 42 of the United States Code, Sections 1983 and 12132. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The unlawful acts and practices alleged herein occurred in the City of Oakland, California, which is within this judicial district.

**PARTIES**

2.      Plaintiff herein, YOLANDA BANKS-REED, ("BANKS-REED") is and at all times herein mentioned was a citizen of the United States residing in Alameda County in California. Plaintiff is the mother of Decedent TINDLE.

3.      Minor Plaintiff herein, S.A.T., is and at all times herein mentioned was a citizen of the United States residing in Alameda County in California. Plaintiff S.A.T., is the minor child of Decedent TINDLE, and is co-successor-in-interest to Decedent TINDLE.  S.A.T. is represented in this action by her mother and Guardian Ad Litem, Ciara Turner.

4.      Minor Plaintiff herein, S.I.T., is and at all times herein mentioned was a citizen of the United States residing in Alameda County in California. Plaintiff S.I.T., is the minor child of Decedent TINDLE, and is co-successor-in-interest to Decedent TINDLE.  S.I.T. is represented in this action by his mother and Guardian Ad Litem, CIARA TURNER.

5.      Plaintiff THE ESTATE OF SAHLEEM TINDLE seeks to recover damages for the violation of rights personal to Decedent.  This action is maintained by and through its administrator LARON MAYFIELD.

6.      Defendant BAY AREA RAPID TRANSIT ("BART") is a municipal corporation, duly organized and existing under the laws of the State of California.  BART operates under its authority the BART POLICE DEPARTMENT.

7.      Defendant CARLOS ROJAS ("ROJAS") is employed by defendant BART as Chief of Police.  He is being sued in his individual and official capacities as Chief of Police for BART.

8.      Defendant JOSEPH MATEU III ("MATEU") is employed by Defendant BART as a police officer. He is being sued in his individual and official capacity as a police officer for BART.

9.     At all times mentioned herein, defendant officers DOES 1-50, inclusive, were employed by Defendant BART as police officers.  They are being sued individually and in their capacities as police officers.

10.     Plaintiffs are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sue these defendants by such fictitious names.  Plaintiffs are informed and believe and thereon allege that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiffs as set forth herein.  Plaintiffs will amend his complaint to state the names and capacities of DOES 1 through 50, inclusive, when they have been ascertained.

11.     In engaging in the conduct described herein, Defendant Police Officers acted under the color of law and in the course and scope of their employment with BART.  In engaging in the conduct described herein, Defendant Police Officers exceeded the authority vested in them as police officers under the United States Constitution and as police officers employed by Defendant BART.

12.     Plaintiffs are required to comply with an administrative tort claim requirement under California law.  Plaintiffs have complied with all such requirements.

**STATEMENT OF FACTS**

13.     On January 3, 2018, at approximately 4:40 p.m., Decedent SAHLEEM TINDLE, who was a 28 year-old African-American father of two children, was shot in the back and killed by Bay Area Rapid Transit (BART) police officer JOSEPH MATEU III, when Mr. TINDLE was unarmed and complying with Defendant Officer MATEU's orders by moving his arms up in a universal sign of surrender, with his back to the officer.  Defendant Officer MATEU fired three shots at Mr. TINDLE's back.  After the shooting, Mr. TINDLE fell to the ground, and put his hands over his head when Defendant Officer MATEU ordered him to do that. Mr. TINDLE suffered extreme conscious pain and suffering after he was shot and before he died from the gunshots inflicted by Defendant Officer MATEU.  The unconscionable shooting was video and audio-recorded on Defendant Officer MATEU's body-cam.  Defendant Officer MATEU unreasonably afforded Mr. TINDLE no opportunity to complete his obvious act of compliance when he hastily shot Mr. TINDLE in the back without reasonably ascertaining the location of the firearm, who had fired it, and whether anyone at the scene presented a threat at that moment.  Based on all of the objective information Defendant

Officer MATEU was aware of, Mr. TINDLE was as likely the victim of the shooting, as he was likely to have been the perpetrator.  Nevertheless, Defendant Officer MATEU arbitrarily shot him in the back.

14.     Defendant Officer MATEU was in the process of writing a citation to an Arizona resident when he heard the sound of two gunshots near the West Oakland BART station on 7th Street in Oakland.  Defendant Officer MATEU asked a person nearby what was going on, reported the gunshots to BART police dispatch, and left the citation to respond to the gunshots. Defendant Officer MATEU had no information as to who fired gunshots, and whether anyone had been injured by the gunshots.  Defendant Officer MATEU ran toward two men who were wrestling with each other at the southeast corner of 7th and Chester Streets.  Defendant Officer MATEU ran to the east sidewalk of 7th Street, carrying his gun in his hand.  Officer MATEU issued the same command twice to the two men: "Show your hands!". Apart from that command, Defendant Officer MATEU said nothing else prior to shooting Mr. TINDLE.  As evidenced by Defendant Officer MATEU's body cam, Mr. TINDLE was on his knees on the ground, and the other man (named Rayvelle) was on his feet. Defendant Officer MATEU did not report to dispatch or otherwise contemporaneously state that he observed any weapon or object prior to shooting Mr. TINDLE in the back, and Plaintiffs allege that Defendant Officer MATEU could not determine which of the two men, if either of them, possessed or controlled the object over which they had been struggling.  Plaintiffs further allege that neither Mr. TINDLE, nor the other man, Rayvelle, were in possession of the gun when Defendant Officer MATEU shot Mr. TINDLE.

15.     After Defendant Officer MATEU ordered the two men, a second time, to "Show your hands!", they stopped wrestling, let go of each other, and appeared to acknowledge Defendant Officer MATEU's command.  Mr. TINDLE's back faced Defendant Officer MATEU, while the other man involved in the wrestling was partly facing Defendant Officer MATEU.  Mr. TINDLE began to move his upper body up, and raise his hands, which were empty.  Mr. TINDLE made no threatening gesture to the officer and took no further aggressive action toward the other man who he had been wrestling. Without further warning, and without legal justification, Defendant Officer MATEU fired three gunshots at Mr. TINDLE's back. Mr. TINDLE fell to the ground.  Defendant Officer MATEU then

ordered Mr. TINDLE to put his hands over his head, and Mr. TINDLE complied.  Mr. TINDLE

subsequently was transported to Highland Hospital in Oakland, where he was pronounced dead from

the gunshot wounds.

16.     The actions and omissions of BART, Defendant Officer MATEU, and officer DOES

1-10, were objectively unreasonable under the circumstances, negligent, without legal justification or

other legal right, done under color of law, within the course and scope of their employment as law

enforcement officers and/or public officials, and pursuant to unreasonable training, customs, policies

and procedures for BART.  BART was also responsible for Plaintiffs' injuries through their own acts

and omissions, negligent and otherwise, by failing to properly and adequately investigate, train,

supervise, monitor, instruct, and discipline its law enforcement officers and/or employees and agents,

including the officers and officials described herein.  Plaintiffs further allege BART hired Defendant

Officer MATEU without conducting a reasonable investigation of his background, and/or being

recklessly or deliberately indifferent to the results of any such background investigation, proximately

causing Decedent SAHLEEM TINDLE's death and Plaintiffs' injuries and damages.  Plaintiffs

further allege that BART, and Defendant Chief ROJAS, unreasonably, and with deliberate

indifference to the factual matters raised in their investigation of the subject-incident, ratified the use

of unreasonable force by Defendant Officer MATEU in killing Decedent SAHLEEM TINDLE.

17.     Plaintiffs further allege that the shooting of Decedent TINDLE was the proximate

result of Defendant BART and Defendant Chief ROJAS' failure to reasonably train their police

officers in the proper and reasonable use of force, as evidenced in part by the illegal manslaughter of

Oscar Grant III, by former BART police officer and convicted felon Johannes Mehserle, who shot the

unarmed Oscar Grant in the back while Mr. Grant was face down on a BART train platform.

Plaintiffs allege that in spite of being on notice of Unconstitutional deficiencies in their training and

policies that led to the killing of Oscar Grant III, neither Defendant BART nor Defendant ROJAS

took steps to properly train their police officers in the use force.  Plaintiffs further allege that these

substantial failures reflect Defendant BART's policies implicitly ratifying and/or authorizing the use

of excessive force.  Plaintiffs contend that these Unconstitutional policy and training failures, of

which Defendants BART and ROJAS were on notice, were a moving force in causing Defendant MATEU to egregiously and unreasonably shoot Decedent TINDLE in the back, killing him.

18      Plaintiffs allege that Decedent died as a direct consequence of Defendants' use of unreasonable force against him.

19.      The killing of Decedent SAHLEEM TINDLE as described herein, was brutal, malicious, and done without just provocation or cause, proximately causing Plaintiffs' injuries and resulting damages.

## DAMAGES

20.      Plaintiffs were physically, mentally, emotionally and financially injured and damaged as a proximate result of Decedent SAHLEEM TINDLE's wrongful death, including, but not limited to, the loss of Decedent's familial relationships, comfort, protection, companionship, love, affection, solace, and moral support. In addition to these damages, Plaintiffs are entitled to recover for the reasonable value of funeral and burial expenses and their own lost wages.

21.      As a further direct and proximate result of Defendants' conduct, and each of them, Plaintiffs have been deprived of Decedent's financial support.

22.      The conduct of defendant officers was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said Defendant Officer MATEU.

23.      Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of civil rights.


**FIRST CAUSE OF ACTION**
**(42 U.S.C. Section 1983)**
**(All Plaintiffs against Defendants MATEU, and DOES 1-10, inclusive)**

24.      Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 22 of this Complaint.

25.     In doing the acts complained of herein and killing Decedent SAHLEEM TINDLE, Defendants MATEU, and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive all Plaintiffs, of certain constitutionally protected rights, including, but not limited to:

a.     As to Decedent TINDLE, by and through his co-successors-in-interest, Minors S.A.T. and S.I.T., and MAYFIELD as the Administrator of the ESTATE OF SAHLEEM TINDLE, the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendments to the United States Constitution;

b.     As to Plaintiff BANKS-REED, S.A.T., and S.I.T., individually, the right to be free from interference with familial relationships, as guaranteed by the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. section 1983)
**(All Plaintiffs Against Defendants BART, ROJAS and DOES 11-25)**

26.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 25 of this Complaint.

27.     Plaintiffs are informed and believe and thereon allege that high ranking BART officials, including high ranking police supervisors ROJAS, and DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendants MATEU, DOES 1-10, inclusive, and/or each of them.  Plaintiffs further allege that Defendants ROJAS, DOES 11-25 and/or BART were aware of the Unconstitutional deficiencies in the training of BART police officers, and BART police department policies and practices permitting the use of lethal force against subjects who are being arrested and simply moving without taking any

threatening actions, either involuntarily, in reaction to a BART police officer use of force, or in compliance with a BART police officers orders.

28.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants BART, ROJAS, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

29.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers MATEU and DOES 1-10, inclusive, and/or each of them, BART, ROJAS, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiffs' rights as alleged herein.  Plaintiffs further allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the failure by Defendants BART, ROJAS and/or DOES 11-25 inclusive, these defendants encouraged the improper, unreasonable, and excessive use of force by Defendant Officer MATEU, and DOES 1-10, inclusive, and/or each of them.

30.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking officials, including high ranking BART Police Department supervisors ROJAS, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

31.     Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Violation of Civil Code Section 52.1)
### (Minor Plaintiffs S.A.T., and S.I.T. as co-successors in interest to Decedent TINDLE, and MAYFIELD as the Administrator of the ESTATE OF SAHLEEM TINDLE, against Defendants BART, MATEU and DOES 1-10)

32.    Minor Plaintiffs S.A.T., S.I.T., as co-successors in interest to Decedent TINDLE, and MAYFIELD as the Administrator of the ESTATE OF SAHLEEM TINDLE, reallege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.    The conduct of Defendants BART, MATEU, and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant BART, violated California Civil Code Section 52.1, in that they interfered with Plaintiffs' exercise and enjoyment of their civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said Plaintiff's Decedent, all accomplished through force, threats, intimidation, and coercion.

34.    As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

35.    Since this conduct occurred in the course and scope of their employment, Defendant BART is therefore liable to Plaintiffs pursuant to respondeat superior.

36.    Plaintiffs are entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiffs pray for relief, as hereinafter set forth.

### FOURTH CAUSE OF ACTION
### (Negligence – Wrongful Death)
### (Minor Plaintiffs S.A.T., and S.I.T. Against Defendants MATEU, and DOES 1-10, inclusive)

37.    Minor Plaintiffs S.A.T., and S.I.T., by and through their Guardian Ad Litem Ciara Turner, reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint,

except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

38.     At all times herein mentioned, Defendants MATEU and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing Plaintiffs and Plaintiffs' Decedent to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), Defendant BART is vicariously liable to Plaintiffs for injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants MATEU, and DOES 1-10.

39.      As a proximate result of Defendants' negligent conduct, Plaintiffs and Plaintiffs' Decedent suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiffs' emotional tranquility, and damages.  Plaintiffs are further entitled to recover wrongful death damages.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

40.     Plaintiffs hereby demand a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For injunctive relief, pursuant to California Civil Code Section 52.1, enjoining Defendant BART from authorizing, allowing, or ratifying the practice by any police officers employee of Defendant BART from using excessive and unreasonable force;

5.      For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.      For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.      For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.      For cost of suit herein incurred; and

9.      For such other and further relief as the Court deems just and proper.

Dated:  September 19, 2018                          **THE LAW OFFICES OF JOHN L. BURRIS**


/s/ *John L. Burris*
John L. Burris
Attorney for Plaintiffs

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES                    12