DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
KEVIN P. ALLEN, State Bar No. 252290
kallen@aghwlaw.com
PHILIP J. DOWNS, JR., State Bar No. 302939
pdowns@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:	(415) 697-2000
Facsimile:	(415) 813-2045

Attorneys for
 BAY AREA RAPID TRANSIT, CARLOS ROJAS,
JOSEPH MATEU III

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| YOLANDA BANKS-REED, individually; S.A.T., a minor, by and through her Guardian ad Litem Ciara Turner, individually and as successor-in-interest to Decedent SAHLEEM TINDLE; S.I.T., a minor, by and through his Guardian ad Litem Ciara Turner, individually, as successor-in-interest to Decedent SAHLEEM TINDLE; THE ESTATE OF SAHLEEM TINDLE, by and through its administrator LARON MAYFIELD,<br><br>Plaintiff,<br><br>v.<br><br>BAY AREA RAPID TRANSIT, a municipal corporation; CARLOS ROJAS, individually and in his official capacity as Chief of Police for BAY AREA RAPID TRANSIT police department; JOSEPH MATEU III, individually and in his official capacity as a police officer for BAY AREA RAPID TRANSIT police department; and, BAY AREA RAPID TRANSIT police officers DOES 1-50, inclusive,<br><br>Defendants. | Case No. 4:18-cv-05755-YGR<br><br>**DEFENDANTS BAY AREA RAPID TRANSIT, CARLOS ROJAS, AND JOSEPH MATEU III'S SUPPORTING SEPARATE STATEMENT OF FACT (F.R.C.P. 56)**<br><br>Hon. Yvonne Gonzalez Rogers<br><br>Date:   October 22, 2019<br>Time:   2:00 p.m.<br>Ctrm:   1 – 4th Floor<br><br>Trial:   February 3, 2020 |

Consistent with the Court's *Standing Order,* this is Defendants' *Supporting Separate Statement* of undisputed material facts. The facts set forth below relate to the following:

1. **Issue No. 1**: Whether Sgt. Mateu's use of force was objectively reasonable under the totality of the circumstances.[1]

If the Court finds a question of triable fact as to Issue No. 1, Defendants' alternatively seek summary adjudication of Plaintiff's federal claims on qualified immunity grounds on the same facts.

2. **Issue No. 2:** Whether there is *Monell* liability (assuming a triable issue is found as to Issue No. 1).

Defendants refer to video evidence citing the min:sec run time on the player, and the corresponding T:Hr:Min:Sec time stamp on the recording, located immediately to the right of "T00:" (e.g., Ex. "A" begins at 00:00 run time, and timestamp T00(hr):36(min):21(sec)Z).

| Issue No. | Moving Party's Undisputed Material Facts and Supporting Evidence | Opposing Party's Response and Supporting Evidence |
|---|---|---|
| All Issues (predicate factual background) | Fact 1. On January 3, 2018 at around 4:39 p.m. BART police officer Sergeant Mateu was on duty at the West Oakland BART Station, in full police uniform, with a uniform-worn camera (which recorded the incident).<br><br>Ex. "A" at 00 min : 00 sec, T00:36:21Z; *Mateu Deposition*, attached as Ex. "B" to *Downs Decl.*, at 53:13 – 58:16. | |
| Issue No. 1: (Plaintiffs cannot establish unreasonable force) | Fact 2. At this time, Sgt. Mateu was a 13 year veteran of the BART police department.<br><br>*Mateu Dep.* at 9:13 – 16. | |
| Issue No. 1 | Fact 3. At this time, Sgt. Mateu had prior experience responding to incidents that involved guns, as well as arresting people who had guns. | |

---

[1] The facts linked to Issue No. 1 are dispositive to the entire complaint including Plaintiffs' negligence claim (which encompasses analysis of Sgt. Mateu's pre-shooting conduct).

| | | |
|---|---|---|
| | *Mateu Dep.* at 58:17 – 23. | |
| Issue No. 1 | Fact 4. As Sgt. Mateu contacted a possible fare evader inside the station, a loud "*pop!*" is heard.<br><br>Ex. A at 03:18, T00:39:40Z | |
| Issue No. 1 | Fact 5. Following the first "*pop!*" civilians begin running. Within the next six seconds a second loud "*pop!*" is heard.<br><br>Ex. A at 03:18 –24, T00:39:40 – 46Z | |
| Issue No. 1 | Fact 6. After the second "*pop!*" Sgt. Mateu saw patrons run into the station. Sgt. Mateu asked "what happened". A patron can be heard on the video shouting "they're shooting" as more patrons run for cover.<br><br>Ex. A at 03:24 – 30, T00:39:46 – 52Z<br>Ex. B at 60:7 – 25. | |
| Issue No. 1 | Fact 7. Sgt. Mateu determined the location of the active shooter, and ran toward the gunfire.<br><br>Ex. A at 3:30 – 3:41, T00:39:52 – 40:**02Z** | |
| Issue No. 1 | Fact 8. Sgt. Mateu radioed "shots fired at West Oakland".<br><br>Ex. A at 3:38 – 3:41, T00:40:01 – **03Z** | |
| Issue No. 1 | Fact 9. **Within 11 seconds** Sgt. Mateu reached 7th Street, radioed his location "7th and Chester", and drew his firearm.<br><br>Ex. A at 3:52 – 53, T00:40:14 – **15Z** | |
| Issue No. 1 | Fact 10. As seen on the video, <u>Mr. Tindle</u> and Mr. Newton are in a struggle on the sidewalk. Bystanders can be seen running in multiple directions.<br><br>Ex. A at 3:53 – 54, T00:40:15 – **17Z** | |
| Issue No. 1 | Fact 11. Sgt. Mateu shouts "Let me see your | |

| | | | |
|---|---|---|---|
| | | hands!" | |
| | | Mr. Tindle does not surrender. | |
| | | Ex. A at 3:54 -55, T00:40:17 - **18Z** | |
| | Issue No. 1 | Fact 12. Sgt. Mateu again shouts "Let me see your hands, now!" | |
| | | Mr. Tindle does not surrender. | |
| | | Ex. A at 3:55 – 56, T00:40:18 – **19Z.** | |
| | Issue No. 1 | Fact 13. As of time stamp T00:40:19Z, Sgt. Mateu has nearly crossed 7th Street, Mr. Tindle and Mr. Newton continue to struggle on the sidewalk, but Sgt. Mateu has not seen a gun yet. | |
| | | Ex. B at 76:1 – 78:5; in reference to Plaintiffs' Expert Gregg Stutchman enhanced, slow-motion, motion-stabilized video, attached by Plaintiffs' counsel to Sgt. Mateu's deposition as an exhibit, a true and correct copy of which is attached to *Downs Decl.* as Ex. "C". | |
| | | Ex. A & C at T00:40:**19Z** | |
| | Issue No. 1 | Fact 14. Sgt. Mateu continuously shouts commands for both men to show their hands | |
| | | Ex. A 3:56 – 4:02, T00:40:19 – **20Z** | |
| | Issue No. 1 | Fact 15. At T00:40:20Z, Mr. Newton's left hand is visible. Mr. Tindle is on the ground on his left side, as Mr. Newton moves his body away from where Mr. Tindle's hands are. | |
| | | Ex. A 3:58 – 59, T00:40:20 – **21Z** | |
| | Issue No. 1 | (Defendants incorporate herein Facts 1 – 15 as the totality of the circumstances up to this point). | |
| | | Fact 16. At T00:40:22, Sgt. Mateu sees a gun in Mr. Tindle's left hand. At this time, Mr. Tindle is on his left side on the sidewalk. | |

| | | | |
|---|---|---|---|
| | | Ex. A at 04:00, T00:40:**22Z**<br>Ex. B at 78:6 – 79:12;<br>Ex. C at 00:26, T00:40:**22Z** | |
| | Issue No. 1 | Fact 17.  At T00:40:23Z, the video shows the gun is in Mr. Tindle's left hand.<br><br>Mr. Tindle has not surrendered.<br><br>Sgt. Mateu shouts commands and holds fire.<br><br>Ex. A at 4:01, T00:40:**23Z** | |
| | Issue No. 1 | Fact 18. ***In less than 2 seconds***, Mr. Tindle repositions himself against Mr. Newton:<br><br>The video shows Mr. Tindle roll his body over as his right elbow comes up, pulling the gun closer to himself, out of view of the camera. Mr. Tindle continues the maneuver in one, uninterrupted movement, going from laying on his left side, to getting up to his knees, concealing his hands, and turning into Mr. Newton.<br><br>Mr. Tindle has not surrendered at this point.<br><br>Sgt. Mateu continues to hold fire.<br><br>Ex. A at 4:01 – 4:02, T00:40:**24Z**<br>Ex. B at 71: 17 – 72:17 | |
| | Issue No. 1 | Fact 19. In that space, Sgt. Mateu concluded Mr. Tindle transferred the gun to his right hand.<br><br>Ex. B at 70:16 – 72:17. | |
| | Issue No. | Fact 20. In less than one second, i.e. the interval between T00:40:24 and T00:40:25, the video shows Mr. Tindle on both his knees, and he continues turning toward Mr. Newton. Both of Mr. Tindle's hands remain concealed.<br><br>Mr. Tindle has not surrendered. | |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

336173.1

| | | |
|---|---|---|
| | | Sgt. Mateu continues to shout commands, and hold fire.<br><br>Ex. A at 4:03, T00:40:**25Z** |  |
| Issue No. 1 | Fact 21. Sgt. Mateu never saw Mr. Newton "hold the gun" or have "complete possession of the gun"; further, Sgt. Mateu never heard the gun drop, and never saw <u>Mr. Tindle</u> throw the gun.<br><br>Ex. B at 71:22 – 72:17. | |
| Issue No. 1 | Fact 21. ***In less than one second***, <u>Mr. Tindle</u> moves his left hand (which is empty) into view, with his left elbow bent, while he keeps his right hand and arm concealed in front of his body as he turns toward Mr. Newton.<br><br>Ex. A at 4:03, T:00:40:**25Z**<br>Still frame images disclosed with Mr. Stutchman's Rule 26 Report, frames #315 - #320, attached as Ex. D to *Downs Decl*. | |
| Issue No. 1 | Fact 22. ***Within a fraction of the same one second period***, Sgt. Mateu fires the first shot.<br><br>Ex. A at 4:03, T:00:40:**25Z** | |
| Issue No. 1 | Fact 23. Sgt. Mateu fires the next two shots over the next approximate half-second space.<br><br>Sgt. Mateu reassesses the threat, and ceases firing when he sees the gun fall from <u>Mr. Tindle's</u> right hand, and land on the ground.<br><br>Ex. A at 4:03 – 04, T:00:40:25 – **26Z**<br>Ex. B at 101:11 – 105:24. | |
| Issue No. 1 | Fact 24. The video shows as <u>Mr. Tindle</u> falls away, the magazine drops from the gun and lands on the ground. As <u>Mr. Tindle</u> continues falling away, the gun drops from Mr. Tindle's right hand and is visible as it falls to the ground.<br><br>Mr. Tindle then raises his hands in the air for the first time in surrender. T:00:40:26-**27Z** | |

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

336173.1

|  |  |  |
|---|---|---|
|  | Ex. A at 4:04 – 05, T00:40:26 – **27Z**<br>Ex. B at 101:14 – 102:23 |  |
| Issue No. 1 | Fact 25. Mr. Tindle had seven-to-eight seconds to comply with Sgt. Mateu's commands.<br><br>Fact No.'s 11 – 20 |  |
| Issue No. 1 | Fact 26. Sgt. Mateu less than *three* seconds to decide whether to shoot from when he first saw Mr. Tindle with the gun in his hand.<br><br>Fact No.'s 16 – 22. |  |
| Issue No. 1 | Fact 27. Sgt. Mateu had less than *one* second to decide whether to shoot after Mr. Tindle repositioned himself against Mr. Newton.<br><br>Fact No.'s  18 – 22. |  |
| Issue 2:<br><br>No Monell liability | Fact 28. BART Police Department training meets or exceeds P.O.S.T. requirements.<br><br>*Declaration of Paul Kwon* at ¶¶ 1 - 12 |  |
| Issue 2: | Fact 29. BART official policies regarding the Use of Force – and regarding the investigation of reported instances of force, and citizens' complaints – follow Lexipol.<br><br>*Kwon Decl.* at ¶¶4, 13 - 17 |  |
| Issue 2: | Fact 30. At the time of the incident, Sgt. Mateu's training complied with P.O.S.T. requirements.<br><br>*Kwon Decl.* at ¶9 |  |
| Issue 2: | Fact 31. At the time of the incident, and still, BART has internal policies, practices and procedures to investigate citizen's complaints, to include those relating to use of force instances, in accordance with Cal. Pen Code §835 |  |

| | | |
|---|---|---|
| | *Kwon Decl.* at ¶¶13 - 17 | |
| Issue 2: | Fact 32. Following the incident, Oakland Police Department and the District Attorney for Alameda County conducted separate investigations of the incident. Both entities found that Sgt. Mateu acted properly, and committed no wrongdoing.<br><br>*Declaration by Kevin Franklin* | |
| Issue 2: | Fact 33. BART reviewed the Oakland Police and Alameda County investigations; and consistent with BART policy and practice, opened an internal investigation pending the disposition of this civil matter.<br><br>*Declaration by Kevin Franklin* | |
| Issue 2: | Fact 34. At the time of the incident, Sgt. Mateu had no sustained use of force complaints against him.<br><br>*Kwon Decl.* at ¶17 | |
| END | END | END |

*Attestation by Dale L. Allen, Jr.*

In accordance with the Court's requirements as set forth in its *Standing Order* at pp.7 ¶9(c)(4), **I attest that the evidence cited herein fairly and accurately supports the facts as asserted.**

Respectfully submitted,

Dated:  September 10, 2019            ALLEN, GLAESSNER,
                                       HAZELWOOD & WERTH, LLP


By:   */s/ Dale L. Allen, Jr.*
      DALE L. ALLEN, JR.
      PHILIP J. DOWNS, JR.
      Attorneys for BAY AREA RAPID TRANSIT, CARLOS ROJAS, JOSEPH MATEU III

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

336173.1