UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **YOLANDA BANKS-REED, ET AL.,**<br>Plaintiffs,<br>v.<br>**BAY AREA RAPID TRANSIT, ET AL.,**<br>Defendant. | Case No. 18-cv-5755 YGR<br><br>**PRETRIAL ORDER NO. 1 RE: PRETRIAL CONFERENCE** |

Having considered the filings to date and the arguments and other submissions at the Pretrial Conference, held on January 10, 2020, for good cause shown the Court enters the following orders. The parties should pay close attention to the filing deadlines as some may have been modified to account for the possibility of jury selection on January 31, 2020. Thus:

1. **Motion to Stay:** Defendant Mateu filed a motion to stay this case pending the outcome of the appeal of this Court's November 15, 2019 order denying in part defendant's motion for summary judgment. (Dkt. 64.) In its order, the Court denied defendant's motion for summary judgment as to plaintiffs' Fourth Amendment claim, including on qualified immunity, because material factual disputes existed. "[F]or purposes of determining whether [] alleged conduct violates clearly established law of which a reasonable person would have known, [the Ninth Circuit] assume[s] the version of the material facts asserted by the non-moving party to be correct." *Schwenk v. Hartford*, 204 F.3d 1187, 1195 (9th Cir. 2000). Here, taking as true plaintiffs' version of the material disputed facts—namely, that Mr. Tindle did not possess a gun and was attempting to surrender at the time of the shooting—defendant's position on appeal is legally frivolous. *See Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). The request for a stay is therefore denied.

2. **Trial Date and Schedule:** The trial of this matter shall trail the trial of *Dolby Laboratories*

*Licensing Corporation v. Adobe, Inc.*, 18-cv-1553 YGR. On January 24, 2020, the Court will advise the parties whether jury selection in the instant case will proceed on January 31, 2020. If not, on January 31, 2020, the Court will advise the parties whether jury selection will proceed on February 7, 2020. If not, on February 5, 2020, the Court will advise whether jury selection will proceed on February 10, 2020. If not, the Court sets a new trial date of March 2, 2020.

3. Jury Selection shall begin at beginning at 9:00 a.m. All remaining trial days shall begin at 8:30 a.m. Counsel shall arrive in court early enough to proceed promptly at 8:00 a.m. Trial schedule will be Monday through Friday, from 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks. Additional time may be scheduled for matters outside the presence of the jury as necessary and determined by the Court. Sidebars are not permitted. Counsel should be prepared to anticipate issues so that they may be addressed outside of normal trial hours. In this regard, Counsel should also be prepared to reconvene with the Court after the Court's standing calendars which normally begin at 2:00 p.m.

4. The parties shall each be afforded 14 hours to present their case, including opening statements and closing arguments. The parties shall receive daily timesheets advising of the time remaining. Any concerns must be raised immediately or will be waived. The Court shall note on the timesheets that plaintiffs reserve one hour for closing arguments.

5. **<u>Standard Motions *in Limine*</u>:** The Court hereby orders that: (a) witnesses shall be excluded until testimony is completed; (b) there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists.

A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

Plaintiffs filed, untimely, two motions *in limine* which the Court addresses herein.

    a. <u>Motion to Exclude Unduly Prejudicial Evidence Unknown to Defendants</u> (Dkt. 55)

The Court addresses each of the two categories of evidence plaintiffs seek to exclude, namely:

- Evidence that Decedent TINDLE possessed and/or fired a gun during the incident to which Defendant Mateu responded, up to the point of Defendant Mateu's personal observations of Mr. TINDLE;[1] and

- Evidence pertaining to Decedent TINDLE's criminal history, alleged gang affiliation, and prior incarceration.

With respect to the first category, plaintiff argues that because defendant Mateu concedes he had no such information, his conduct could not have been informed by such information and is therefore irrelevant and unduly prejudicial. In opposition, defendants rely on the seminal case of *Graham v. Connor*, 490 U.S. 386, 399, n. 12, that "evidence that may support one version of events over another is relevant and admissible."

Ultimately, the test under a Section 1983 claim is one of the objective "reasonableness of a particular use of force . . . judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . .[and] without regard to their underlying intent or motivation." *Id*. at 397. The *Graham* Court merely noted that a jury may consider evidence such as an officer's "ill-will toward [a] citizen" to assess credibility. Further, the Court weighs whether the proffered evidence makes more probable a fact in dispute. The test though is different for purposes of the claim for negligence which carries a contributory component.

Given the various uses of the potential evidence, the Court tentatively finds that in the interests of justice, the Section 1983 claim should be bifurcated from the negligence claim. The evidence would not be admissible in the Section 1983 phase but would be admissible in the next phase.

---

[1] Defendants confirm no intent to offer affirmatively evidence of criminal conduct or convictions as to Ciarra Turner or Yolanda Banks-Reed, and the same is hereby ordered. Nothing in this order prohibits the use of such evidence for impeachment purposes to the extent appropriate. However, the defendants shall first advise the Court.

3

1    With respect to the second category, the Court finds the evidence is relevant to damages,[2]
2    and therefore should not be excluded wholesale. This portion of the motion is denied.

   b. <u>Contingent Motion to Bifurcate Liability from Damages</u> (Dkt. 56)

   The defendants do not object to bifurcation with respect to damages. The contingent motion is granted. The Court further finds that the damages phase should be tried at the same time as the negligence phase. In addition, the parties shall meet and confer on the issue of phasing the trial by January 15, 2020, and by January 17, 2020, the parties shall file either a joint statement or separate statements on this topic.

6. Parties are ordered to admonish witnesses of the Court's rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.

7. **Witnesses:** The parties are limited to calling the witnesses submitted on the list filed for the Pretrial Conference. Upon a showing of good cause, including for rebuttal or impeachment purposes, additional witnesses will only be allowed by Court order.

8. **By Friday, January 17, 2020**, the parties shall deliver via email a single joint list of all witnesses, attorneys, and others involved in the trial, in alphabetical order to be shown to prospective jurors during *voir dire*. The list shall be legible and formatted to fit on one page.

9. **Exhibits and Exhibit Lists:** The parties are limited to using the Exhibits submitted on the

---

[2] Plaintiffs' proposed jury instruction on damages is set forth below and reveals that evidence regarding one's gang affiliations, criminal activity, and prior incarceration are probative of an appropriate measure of damages. The instruction provides:

"Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or decedent for any injury you find was caused by the defendants. The plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages. [¶] The damages claimed by the plaintiffs fall into two categories, called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form. [¶] You should consider the following as to Decedent Sahleem Tindle's damages: [¶] 1. The nature and extent of the injuries; [¶] 2. The loss of enjoyment of life experienced; and [¶] 3. The mental, physical, and emotional pain and suffering experienced prior to death. [¶] 4. Funeral and Burial expenses. [¶] You should consider the following as to the damages for Minor Plaintiffs S.A.T. and S.I.T.: [¶] 1. The loss of Sahleem Tindle's love, companionship, comfort, care, assistance, protection, affection, society, parental guidance and moral support."

4

Exhibit List. No witness may be shown any document or other object until it has been marked for identification using an exhibit number. The parties shall file updated Exhibit Lists identifying those for which a stipulation of admissibility exists with an "S" in the appropriate box. Should an exhibit be listed for purposes of refreshing recollection or possible impeachment (as opposed to offering for admission), a party may so indicate by adding an "(R)" or ("I") to the description. The parties shall file and send a Word Version of the final Exhibit List by **January 31, 2020.**

The jury may not be shown any exhibits until admitted into evidence or stipulated by the parties as to admissibility without the express permission of the Court.

10. **Equipment:** Projectors, screens and similar equipment must be tested in the courtroom prior to the day when it will be used. Arrangements may be made with the Courtroom Deputy, Frances Stone, at (510) 637-3540, as to appropriate time for doing so. The parties may provide the Court with a form of order directed to the U.S. Marshal Service with any itemized list of trial materials.

11. Parties may use <u>encrypted</u> digital wireless system that includes a receiver and transmitter with XLR connector.

12. The parties shall review the Court's policy regarding the jury's use of a computer during deliberations at http://cand.uscourts.gov/jurypc.

13. **Jurors and Peremptory Challenges:** The Court will seat a total of nine (9) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel. Each side will be provided 15 minutes to conduct *voir dire.* The Court will use a jury questionnaire. The parties may suggest that the Court include additional questions thereon and may request that the Court conduct *voir dire* on particular matters. All requests in this regard must be filed by **noon on January 21, 2020.**

14. **Introductory Jury Instructions**: In general, the Court will give Model Instructions 1.3, 1.5-1.21, 2.2, 2.4, 2.11-2.16, and 3.1–3.5 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2017 Edition).

15. **Opening Statements:** Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements. Unless otherwise agreed, the exchange must occur no later than the close of business on the Wednesday before trial. Any objections not resolved must be filed in writing by the Thursday before trial. The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

16. **Expert Disclosures/Fed. R. Civ. P. 68 Offers:** The Court confirms that the parties have provided a copy of all expert disclosures, including any supplements. Any offers of judgment made under Fed. R. Civ. P. 68 shall be lodged with the Court by the day before jury selection.

17. **Doe Defendants**: All Doe Defendants will be deemed dismissed once the jury is sworn.

18. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness. All other parties are expected to have their own copies available. The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts. The index shall provide a space for the party and the courtroom deputy to confirm delivery of and receipt of each transcript. Delivery of the transcripts and the Stipulation regarding originality shall occur no later than **the day before jury selection.**

19. Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

20. **Video Depositions at Trial:** The Court understands that none shall be shown.

21. **Witnesses at Trial:** The party presenting evidence shall give the other party 24 hours *written* notice of the witnesses to be called unless otherwise agreed upon by the parties themselves. For witnesses on a Monday, written notice shall be provided by the prior Saturday at noon. The parties are admonished that use of trial time is critical given the limited resources of the Court. All parties must have witnesses ready and available to testify. If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party

may be deemed to have rested its case. Further, and as explained, time does not stop while waiting for witnesses to arrive in Court. Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

22. **Objections:** There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay," and if a rebuttal requested, "not offered for the truth." If either counsel needs to make a better record, counsel may do so when the jury is out at the next break.

23. **Jury Questions:** The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

24. **Requests for Transcripts:** If transcripts will be requested during or immediately after the trial, arrangements must be made with the Court Reporter Coordinator (Telephone No. 510-637-3534) **at least** one week prior to the commencement of jury selection.

25. **Trial Decorum and Procedure:** Counsel, parties, and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial. Do NOT approach other parties' witnesses without permission. You may approach your own non-hostile witnesses without permission.

During *voir dire* you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

26. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

This Order terminates Docket Numbers 55, 56, and 64.

**IT IS SO ORDERED.**

Dated: January 13, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

7